# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LINWOOD E. WILSON, ) | |
| ) | |
| Plaintiff, pro se, ) | **MEMORANDUM OPINION,** |
| ) | **ORDER AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| BARBARA B. WILSON, ATWOOD F. ) | |
| BADMAN, JOAN L. BADMAN, ) | 1:11CV182 |
| NANCY B. ROBBINS and JOSEPH O. ) | |
| CURTIS II, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for a review of the *pro se* Plaintiff's application to proceed *in forma pauperis* (ifp). For the reasons set out below, ifp will be granted for the limited purpose of entering this order and recommendation, the clerk will be directed to file the complaint, and it will be recommended that the complaint be dismissed.

In this ifp action, Plaintiff Linwood E. Wilson purports to bring various claims based on his allegation that his estranged wife Barbara Wilson signed a loan application to refinance their home, while knowing that she had no intention to repay the mortgage, and then quit her job, abandoned the marriage, and "fled" to Delaware to live with her parents. Plaintiff has named as Defendants his estranged wife Barbara Wilson, Barbara's parents Atwood Badman and Joan Badman, Barbara's

sister Nancy Robbins, and Barbara's former supervisor and alleged "paramour" Joseph Curtis.

The mortgage note states that the mortgage was a "Refinance Cash-Out," and both Plaintiff and Defendant Barbara Wilson are borrowers on the note. (*See* Compl., Attachment A.) Plaintiff alleges that Defendant Barbara Wilson "told Plaintiff Wilson and several other witnesses . . . that as soon as she got the bank note and the money to pay off her car and credit cards she was moving to Delaware and abandoning Plaintiff Wilson with no job and no ability to pay." (Compl. ¶ 18.) Plaintiff also alleges that, while in Delaware, Defendant Barbara Wilson filed a motion for protective order against Plaintiff that was "completely and utterly unsupported by probable cause, and a total fabrication by Defendant Barbara Wilson . . . ." (*Id.* ¶ 2.)

More specifically, Plaintiff makes the following factual allegations in his ifp complaint:

> On February 25, 2010, Defendant Barbara Badman Wilson did with full understanding that she was completing an application for a loan that she had no intentions of ever repaying and thereby leaving Plaintiff Linwood E. Wilson stuck with the mortgage and no way to pay for it. Defendant Wilson had been the supporting spouse for the past 5 years and the application for the mortgage was made solely on her ability to repay the mortgage based on her income at Durham Coca-Cola, which she abandoned on April 30, 2010, one day before the first mortgage payment was due. Defendant Wilson told her husband, Plaintiff Wilson, that she was going to Delaware on March 13, 2010 to visit her parents and to see if she could talk to her mom about menopause and see if that is why she was having emotional problems. Defendant returned

2

> from Delaware on March 20, 2010, to inform Plaintiff Wilson that she, her parents, her sister, and her paramour Joseph O. Curtis had advised her to return to NC only to sign the mortgage so she could pay off her car and some of her credit cards and return to Delaware to live and look for a job abandoning the marriage. Defendant Wilson stated that she did not want to do that and was going to try and keep the marriage together[;] however, she needed to get away from Joseph Curtis because he was a bad influence on her. She talked with the HR Director Bob Gorham about being reassigned to another supervisor in the company. However, on April 30, 2010 Defendant Wilson abandoned the marriage and her job and fled to Delaware and moved in with her parents. She was aided in her transportation to flee the marriage and job by her sister and co-conspirator Nancy B. Robbins. Defendant Robbins drove to NC to transport Defendant Wilson to flee the state of North Carolina. The state of residence of Defendant Wilson and Plaintiff Wilson was North Carolina, therefore giving the state of Delaware no authority over both parties in order to enter the protective order that was entered based on lies and deformation [sic] of the character of Plaintiff Wilson.

(Compl. ¶ 14.)

Plaintiff further alleges, upon information and belief:

> Plaintiff Wilson believes that Atwood F. Badman, Joan Lynch Badman, Nancy Badman Robbins, and Joseph O. Curtis II did encourage, conspire and attempt to conspire with Defendant Barbara Badman Wilson to commit Bank Fraud (Mortgage Fraud) as defined by 18 U.S.C. § 1344; Attempt and conspiracy as defined by 18 U.S.C. § 1349; Definition of "scheme or artifice to defraud" 18 U.S.C. § 1346 . . . . By Defendant Wilson making and to scheme and artifice to defraud both Plaintiff Wilson and the New York Community Bank/Am Trust with the other defendants constitutes U.S.C. Title 18 § 1349.

(*Id.* ¶ 15.)

Based on the above factual allegations, Plaintiff's complaint purports to bring the following three "causes of action": (1) "civil action for deprivation of rights title 42

U.S.C. § 1983"; (2) "conspiracy to interfere with civil rights U.S.C. Title 42 § 1985(3)"; and (3) "action for neglect to prevent conspiracy Title 42 U.S.C. § 1986." The complaint also states that Plaintiff is bringing the following claims under North Carolina state law: "fraud, deceit, and misrepresentation," and "obtaining property by false pretense."

Plaintiff seeks to proceed *in forma pauperis*. Accordingly, the court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief. The court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff, *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but facts must be alleged with specificity. *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989).

Here, Plaintiff's complaint should be dismissed as frivolous or for failure to state a claim pursuant to Section 1915(e)(2). Plaintiff's factual allegations–that his estranged wife signed a mortgage note, knowing that she did not intend to pay off

4

the mortgage, and that she then "fled" to Delaware with the help of her parents, her sister, and her former supervisor–simply do not state a legal cognizable claim under 42 U.S.C. §§ 1983, 1985(3), or 1986.  First, to state a claim under Section 1983, a plaintiff must establish (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed under color of state law.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Section 1983 does not itself confer any rights; it is merely a vehicle through which a plaintiff may sue to recover for violations of a federal right that can be found in the Constitution or other federal law.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002).  Here, the only federal laws Plaintiff alludes to in his complaint are various federal criminal statutes addressing bank fraud, and Plaintiff has no right to bring a civil action under these statutes.  Furthermore, other than a mere conclusory statement that the named Defendants were acting "under color of state law," the complaint contains no factual allegations that any of the Defendants were acting "under color of state law."  Rather, the complaint makes clear that all of the named Defendants were private citizens and not state actors.

As to Plaintiff's second and third causes of action for "conspiracy" under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986, Section 1985(3) requires a plaintiff to allege some invidious racial or otherwise class-based discriminatory animus underlying the defendant's actions, and the plaintiff must set forth facts raising an inference of some

conspiratorial agreement among the defendants.  *See Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995).  Here, Plaintiff does not allege that he was a member of a protected class, and his conclusory allegations of a deprivation of his constitutional rights are insufficient to state a Section 1985(3) claim against Defendants. Furthermore, to maintain a cause of action under 42 U.S.C. § 1986, a plaintiff must show the existence of a Section 1985(3) conspiracy.  *See Clark v. Clabaugh*, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994).  Because Plaintiff fails to allege a Section 1985(3) violation, he cannot assert a cause of action under Section 1986 against Defendants.

Finally, to the extent that Plaintiff attempts to allege a state law claim for "fraud" or "obtaining property by false pretense" against his estranged wife Barbara Wilson, this claim should also be dismissed.  It is well established that the federal courts have limited jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  A federal court may generally adjudicate a claim that arises under federal law, pursuant to 28 U.S.C. § 1331, or if all of the requirements for diversity of citizenship are met, pursuant to 28 U.S.C. § 1332.  Plaintiff alleges in conclusory fashion that subject matter jurisdiction in this court is based on both federal subject matter jurisdiction and diversity of citizenship.  *See* 28 U.S.C. §§ 1331, 1332.  All alleged federal claims asserted by Plaintiff are, however, frivolous or fail to state a claim, and should therefore be dismissed.  Furthermore,

despite Plaintiff's conclusory allegation regarding diversity jurisdiction, it is clear that diversity jurisdiction is lacking because Plaintiff and Defendant Joseph Curtis are both North Carolina citizens. (*See* Compl. ¶ 11.) Here, because Plaintiff has not asserted any cognizable claims based on federal law and diversity of citizenship is lacking, the court cannot exercise supplemental jurisdiction over Plaintiff's purported state law claims. *See* 18 U.S.C. § 1367.

**CONCLUSION**

For the foregoing reasons, Plaintiff's ifp application is **GRANTED** for the limited purpose of entering this order and recommendation, the clerk is **DIRECTED** to file the complaint, and it is **RECOMMENDED** that the complaint be dismissed as frivolous or for failure to state a claim. 28 U.S.C. § 1915(e)(2). It should be noted, however, that to the extent that Plaintiff attempts to allege a state law claim for fraud or obtaining property by false pretense, these claims should be dismissed without prejudice.

WALLACE W. DIXON
United States Magistrate Judge

April 1, 2011